Allegheny Airlines, Inc. et al., Appellants, *v.* Philadelphia.

182

Argued April 30, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Bernard J. Smolens,* with him *Ralph S. Snyder, Schnader, Harrison, Segal & Lewis, Cleary, Gottlieb, Steen & Hamilton, Pepper, Hamilton & Scheetz,* and *Dechert, Price & Rhoads,* for appellants.

*Pace Reich,* Deputy City Solicitor, and *John M. McNally, Jr.,* First Deputy City Solicitor, with them *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUSTICE ROBERTS, September 5, 1973:

Appellants, Allegheny Airlines et al., instituted a suit in equity against the City of Philadelphia in the Philadelphia Court of Common Pleas attacking the validity of Bill No. 207, an ordinance amending Section 18-200 of the Philadelphia Code, enacted May 31, 1972. In this suit appellants sought a temporary injunction restraining enforcement of this ordinance. In pertinent part Bill No. 207 established:

"(a) a head tax of $2.00 upon some (but not all) passengers arriving at or departing from appellee's (the City's) airports; and

"(b) a duty upon appellants to collect the tax and, apart from the amount actually collected, to pay to appellee the amount 'that should have been collected.' "

On July 21, 1972, the court of common pleas entered a decree sustaining the validity of that portion of Bill No. 207 imposing a departure tax upon passengers at Philadelphia airports, but declaring unconstitutional as an impermissible burden on interstate commerce that portion of the Bill imposing an arrival tax on all passengers. Subsequently, on August 3, 1972, the City of Philadelphia enacted Bill No. 287 amending Section 18-204 of the Philadelphia Code. So far as material to this dispute, Bill No. 287:

"(a) imposed upon some (but not all) passengers departing from Philadelphia airports a head tax of $3.00; excluded from the tax are military personnel and continuous flight passengers who remain in Philadelphia not more than 6 hours;

"(b) imposed upon appellants the duty to collect the tax and, apart from the amounts actually collected, to pay to Philadelphia the amount 'that should have been collected';

"(c) required that the tax be added to the price of the ticket and collected at the same time as payment is made for the ticket."

Appellants appealed the common pleas court's decree to the Commonwealth Court, contesting the validity of both Bill No. 207 and the subsequent Bill No. 287.[1] The Commonwealth Court, reasoning that to determine the validity of Bill No. 287 would be improper, since that Bill was not litigated below, and that it did not possess "original jurisdiction to determine the enforceability of local ordinances," dismissed the appeal without prejudice to appellants to institute an appropriate action contesting the validity of Bill No. 287. Pursuant to appellants' timely petition, we assumed plenary jurisdiction to determine the validity of both challenged ordinances (Bills No. 207 and 287). We now reverse the decree of the Court of Common Pleas of Philadelphia.

Appellants advance four principal arguments in support of their contention that the tax ordinance(s)

---

[1] In order to adjudicate the validity of Bill No. 287, as well as Bill No. 207, both parties by stipulation agreed that:

"4. For all purposes of this lawsuit, including trial, post-trial motions, appeals, petitions, etc., Bill No. 287, as enacted, shall be regarded as incorporated into plaintiffs' Complaint with the same force and effect as though included therein from the commencement of this lawsuit.

"5. All of the allegations of plaintiffs' Complaint and of defendant's Answer thereto relating to the charges levied by and the collection requirements of Section 18-204 and all testimony and stipulations offered in support thereof and in opposition thereto and all orders and decrees heretofore and hereinafter entered, shall be regarded as applying with equal force and effect to said Section as originally enacted and as amended by Bill No. 287.

"6. Plaintiffs shall not assign, as a basis for their attack on Bill No. 287, the $1.00 increase on the enplaning charge enacted by said ordinance.

"7. It is the intention of the parties hereto that, in any post-trial motion, petition, or appeal to any court in this case, the validity of Section 18-204 may be attacked and defended with the same force and effect both as to its validity as originally enacted and as amended by Bill No. 287."

are invalid.[2] However, in view of recent federal legislation and our disposition here, we need not concern ourselves with appellants' contentions.

In a recent amendment to Title XI of the Federal Aviation Act of August 23, 1958, 49 U.S.C. §§1301 et seq. (1970), Congress added the following new section:

"STATE TAXATION OF AIR COMMERCE

"SEC. 1113. (a) No State (or political subdivision thereof, including the Commonwealth of Puerto Rico,

---

[2] Appellants' first contention is that Bills No. 207 and 287 are invalid because they violate certain written leases between appellants and appellee which leases provide "that [appellants] and their passengers shall have the full and free right of ingress to and egress from the premises and facilities without charge to [appellants] or their passengers." Moreover, the leases provide that aside from the rentals and landing fees set forth therein, there shall be no other rentals, fees, or charges payable by appellants to appellee.

Appellants' second avenue of attack is that the tax imposed on passengers which added to the price of the tickets invades an area preempted by the Commonwealth of Pennsylvania in its Gross Receipts Tax. See Act of March 4, 1971, P. L. 6, No. 2, Art. XI, §1101, as amended, 72 P.S. §8101 (Supp. 1972) ; *United Tavern Owners of Philadelphia v. Philadelphia School District*, 441 Pa. 274, 272 A. 2d 868 (1971). Appellants also assert that adding the city tax to the price of airline tickets invades a field preempted by the Public Utility Commission which fixes the price of airline tickets.

Appellants' third argument is that appellee's head tax is unconstitutional because it ignores the clear implications of *Evansville-Vanderburgh Airport Authority District v. Delta Air Lines*, 405 U.S. 707, 92 S. Ct. 1349 (1972), which held that such taxes can only be sustained to the extent that they are necessary for operation and maintenance of airport facilities. Appellants assert that the record below clearly shows that the airports are operating with a surplus, and therefore the tax constitutes an impermissible burden on interstate commerce.

Finally, appellants urge that the exemption for military personnel violates Article VIII, Section I of the Pennsylvania Constitution, requiring all taxes to be uniform upon the same class of subjects. See *Amidon v. Kane*, 444 Pa. 38, 279 A. 2d 53 (1971).

the Virgin Islands, Guam, the District of Columbia, the territories or possessions of the United States or political agencies of two or more States) shall levy or collect a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts derived therefrom: Except, That any State (or political subdivision thereof, including the Commonwealth of Puerto Rico, the Virgin Islands, Guam, the District of Columbia, the territories or possessions of the United States or political agencies of two or more States) which levied a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts derived therefrom prior to May 21, 1970, shall be exempt from the provisions of this subsection until December 31, 1973." Pub. L. 93-44, Title XI, §1113(a), June 18, 1973, 87 Stat. 90.

This legislation, enacted pursuant to Congress's constitutional authority to regulate interstate commerce, has undeniably preempted any state, or local, intervention in the field of airport head taxes. See *Bessemer & L.E.R. Co. v. Pennsylvania P.U.C.*, 430 Pa. 339, 243 A. 2d 358, cert. denied, 393 U.S. 959, 89 S. Ct. 403 (1968). The Act renders constitutionally invalid and impermissible existing state or local airport head taxes. The Federal Government, having exercised its express constitutional authority over interstate commerce, that field is not available for state or local action. Here, as in *Bessemer*, supra, state intrusion is precluded.

Moreover, since the challenged Philadelphia tax ordinances, here, were enacted on May 31, 1972, and August 3, 1972—not prior to May 21, 1970—these ordinances are not exempt from the provisions of the Act. Therefore, in view of this Congressional mandate prohibiting

"a tax, fee or head charge . . . on persons traveling in air commerce . . ." there can be no doubt whatsoever that both tax ordinances amending Sections 18-200 and 18-204 of the Philadelphia Code (Bill No. 207 and Bill No. 287) are constitutionally impermissible and invalid, and must be stricken.

The decree of the Court of Common Pleas of Philadelphia is reversed.

Each party to pay own costs.

Mr. Justice NIX concurs in the result.